Filed 11/29/22  Johnson v. Barstow Youth Activity Center CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| KIM JOHNSON, as Director, etc.,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BARSTOW YOUTH ACTIVITY CENTER, INC., et al.,<br><br>Defendants and Respondents. | B322630<br><br>(San Bernardino County Super. Ct. No. CIVDS2012458) |

APPEAL from an order of the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Richard T. Waldow, Gregory D. Brown and Darin L. Wessel, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

\* \* \* \* \* \* \* \* \* \*

Plaintiff and appellant Kim Johnson, in her official capacity as the Director of the California Department of Social Services (Department), brought this action for injunctive relief and civil penalties against defendants and respondents Barstow Youth Activity Center, Inc. (Center) and Julie Ford, asserting defendants were operating an unlicensed child day care facility. Plaintiff sought a preliminary injunction pursuant to Health and Safety Code section 1596.89[1] which the trial court denied. Plaintiff appeals, arguing the trial court abused its discretion by applying an incorrect standard.

We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action in June 2020. The complaint alleges defendant Ford is the chief executive officer of defendant Center and the person in charge of overseeing the Center's day-to-day operations. Plaintiff alleges the Center, a private nonprofit corporation, is operating an unlicensed child day care facility in the city of Barstow in violation of section 1596.80. In addition to civil penalties (accruing at $200/day), plaintiff seeks to enjoin defendants from operating until the Center is in compliance with the licensing statutes set forth in the California Child Day Care Facilities Act. (§ 1596.70 et seq.; the Act.)

In July 2020, plaintiff filed a motion for a preliminary injunction pending trial on the merits. The motion was supported by the declaration of Donna Maddox, a Department employee, and several exhibits. Defendants' opposition papers were supported by a declaration from Ms. Ford.

---

[1]    All undesignated section references are to the Health and Safety Code.

2

The factual record is sparse. We summarize the limited facts from the parties' papers that were before the trial court.

In December 2018, the Center had been operating in Barstow for almost two decades without a license. The Center was affiliated with the Boys and Girls Clubs of America and therefore had been exempt from the Act's licensing requirements pursuant to section 1596.793. However, in December 2018, the Center terminated its relationship with the Boys and Girls Clubs, choosing not to continue with a planned merger with the Kern County Boys and Girls Club chapter. The record does not contain any additional details about why the merger was not completed, nor any information about whether any Boys and Girls Clubs organization ever had any involvement in the day-to-day operations of the Center.

That same month, the Department received a complaint that defendants were operating a child day care facility without a license. Ms. Maddox, on behalf of the Department, performed an unannounced inspection of the Center on January 29, 2019, spoke with Ms. Ford, and gave her a notice of violation for operating without a license. At the conclusion of the inspection, it was agreed that Ms. Ford would submit a license application to the Department, and the Department would allow the Center to continue to operate pending approval of the application.

Later, Ms. Maddox told Ms. Ford the building the Center occupied did not meet the requisite standards for a child day care facility under the Act. Nothing in the record or briefing explains why the building was inadequate or otherwise prevented the Center from obtaining a license to operate as a child day care facility.

3

Ms. Ford responded that she was withdrawing the license application because the Center was not operating as a child day care facility. Rather, Ms. Ford said the Center was a public recreation program being operated in conjunction with the Barstow Fire Protection District, and therefore exempt from the license requirement pursuant to section 1596.792, subdivision (g).

Defendants provided plaintiff with a copy of the memorandum of understanding (MOU) between the Center and the Barstow Fire Protection District, a division of the city of Barstow. The MOU describes the relationship between the Center and the Barstow Fire Protection District as a partnership. Paragraph 4 states the Center "will be under" the Barstow Fire Protection District and will abide by its laws, rules and directives. It also states the Center is financially responsible for its activities, including its payroll. The Barstow Fire Protection District owns the building in which the Center operates its program.

Defendants filed two administrative appeals with the Department, appealing the notice of violation and imposition of penalties. Defendants explained that nothing had changed about their work, which had been ongoing in the community for almost two decades, except that they were no longer affiliated with the Boys and Girls Clubs. Defendants said they were willing to cooperate with the Department and requested guidance on what else could be done to keep their doors open as a public recreation program. Defendants emphasized they were a nonprofit that operated primarily on grants, with some of their families being provided services for free or for less than $10 per week.

The Department denied both administrative appeals, contending the Center did not qualify for the public recreation

4

program exemption because the Center is a private nonprofit corporation and the Barstow Fire Protection District is not operating the program within the meaning of the statutory language. The Department said that both entities remained legally separate and were functioning only as a "partnership" according to the MOU. The Department also said the Center violated the statutory exemption by being open for more than 20 hours per week and by offering programs during the summer.

Ms. Maddox performed three more unannounced inspections at the Center in August and September 2019, and again in January 2020. During her inspections, Ms. Maddox saw anywhere from 21 to 45 children at the Center, some of whom were dropped off at the Center by Barstow public school buses. The children were supervised by three to four staff members. During each inspection, Ms. Maddox issued a notice of citation for operating without a license and a notice of imposition of penalties ($2,600, $3,800 and $18,600, respectively).

Ms. Ford stated in her declaration that the Center had discontinued its summer programs and was only operating as an afterschool program between August and May to comply with the requirements of the public recreation program exemption. She said the mayor of Barstow and fire chief had told her they were willing to do whatever was necessary to help the Center qualify for the exemption, but she had been unable to get any further guidance from the Department on what they would require.

At the hearing on October 7, 2020, the court said it did not believe plaintiff had shown a likelihood of success on the merits and that the harm appeared to be greater if the Center was forced to cease operating because of the number of families in Barstow that relied on its services. The court denied plaintiff's

5

request for a preliminary injunction and set a trial setting conference for March 26, 2021.

Plaintiff timely appealed.

## DISCUSSION

In *IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63 (*IT Corp.*), the Supreme Court reaffirmed the settled principle that a trial court's decision whether to grant a preliminary injunction is one of discretion. " 'The authorities are numerous and uniform to the effect that the granting or denial of a preliminary injunction on a verified complaint, together with oral testimony or affidavits, even though the evidence with respect to the absolute right therefor may be conflicting, rests in the sound discretion of the trial court, and that the order may not be interfered with on appeal, except for an abuse of discretion.' " (*Id.* at p. 69.) " 'A trial court abuses its discretion when it applies the wrong legal standards applicable to the issue at hand.' " (*Doe 2 v. Superior Court* (2005) 132 Cal.App.4th 1504, 1517.)

Plaintiff contends defendants violated the mandatory licensing requirement set forth in section 1596.80 of the Act, which provides that "[n]o person, firm, partnership, association, or corporation shall operate, establish, manage, conduct, or maintain a child day care facility in this state without a current valid license therefor as provided in this act."

The Act provides that the director of the Department may bring an action "to enjoin the violation or threatened violation of Section 1596.80," and the director is not required to allege facts demonstrating lack of an adequate remedy at law or irreparable damage. (§ 1596.89.) Further, in any action alleging an actual violation of section 1596.80, "the court shall, if it finds such

6

allegations to be true, issue its order enjoining the child day care facility from continuance of the violation." (§ 1596.89.)

It is undisputed the Center is operating without a license to operate a child day care facility. Plaintiff therefore argues the trial court erred in not enjoining the statutory violation. Plaintiff says the Department remains willing to work with defendants, but that the trial court nonetheless was required to enjoin the Center's unlicensed activities until they were able to comply with the Act. Further, plaintiff contends the trial court failed to apply the standard set forth in *IT Corp.*, namely that as an entity seeking to enjoin a violation of the law, the Department was entitled to a rebuttable presumption, once it showed a reasonable probability of success on the merits, "that the potential harm to the public outweighs the potential harm to the defendant." (*IT Corp.*, *supra*, 35 Cal.3d at p. 72.)

However, defendants are not violating the law *if* they are operating in accordance with one of the Act's licensing exemptions. And, if they are exempt, the court was justified in concluding that plaintiff had not shown a probability of success on the merits and the rebuttable presumption of *IT Corp.* never came into play.

Under the Act, a child day care facility is broadly defined as any facility "that provides nonmedical care to children under 18 years of age in need of personal services, supervision, or assistance essential for sustaining the activities of daily living or for the protection of the individual on less than a 24-hour basis." (§ 1596.750.) The record does not include evidence of what services the Center provides. At best, the reasonable inference from the record is that the Center provides afterschool activities for school age children, some of whom are brought to the Center

directly by bus from Barstow schools. The Center is arguably a child day care facility given the broad language of the statute, but the present record is not definitive.

The Act contains several exemptions to the licensing requirement of section 1596.80, two of which are relevant here: section 1596.793 and section 1596.792, subdivision (g).

Section 1596.793 provides that the licensing requirement does "not apply to recreation programs conducted for children by the YMCA, Girl Scouts of the USA, Boy Scouts of America, Boys and Girls Clubs, Camp Fire USA, organized camps, or similar organizations." The Center was operating without a license in Barstow for almost 20 years as an exempt facility pursuant to section 1596.793 based on its former affiliation with the Boys and Girls Club. It is undisputed the Center is no longer affiliated with the Boys and Girls Clubs.

Section 1596.792, subdivision (g) exempts public recreation programs. As relevant here, that section defines a public recreation program as one "operated by the state, city, county, special district, school district, community college district, chartered city, or chartered city and county" and only during nonschool hours and for less than 20 hours per week.

Defendants relied on the public recreation program exemption in opposing the injunction. Ms. Ford declared the Center scaled back its programs in order to comply with the public recreation program exemption. Plaintiff offers no evidence defendants have not scaled back their programs, arguing only that they previously offered summer programs and were otherwise open more than 20 hours a week during the school year.

Plaintiff also argues it is not possible for defendants to establish the Center is "operated by the state, city, county, special district, school district, community college district, chartered city, or chartered city and county" within the meaning of section 1596.792, subdivision (g). But the record, limited as it is, shows the Center operates out of a building owned by the Barstow Fire Protection District (a division of the city of Barstow), the Center and the fire district signed an MOU to act in partnership with respect to the Center, and the Center will abide by any directives or rules of the fire district.

Obviously, individuals and entities providing child care must be appropriately licensed and subject to oversight. However, in enacting the Act, the Legislature carved out exemptions to the licensing requirement. On the limited factual record presented, plaintiff failed to demonstrate the trial court abused its discretion in finding plaintiff did not show a likelihood of success in proving the Center falls outside the scope of the licensing exemption for public recreation programs. Nor has plaintiff offered persuasive argument, authority or legislative history on which we might base a finding that the statutory exemption language cannot or should not be interpreted to cover a public and private partnership.

The trial court may conclude at the time of trial, once it has the benefit of a fully developed factual record, that the exemption does not apply, in which case, presumably, it will enjoin the Center from further operations until it can come into compliance with the Act. But on the present limited record, we cannot conclude the trial court abused its discretion in denying the preliminary injunction.

## DISPOSITION

The order denying plaintiff's motion for preliminary injunction is affirmed.   No costs are awarded.


GRIMES, Acting P. J.

WE CONCUR:



WILEY, J.



HARUTUNIAN, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.